IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT CRAIG,

    Petitioner,                    No. CIV S-04-2740 MCE DAD P

    vs.

TOM CAREY, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

                                /

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus. Respondents have moved to dismiss the petition on the ground that it was filed beyond the one-year statute of limitations. Petitioner has filed opposition to the motion.

                                PROCEDURAL HISTORY

        In his habeas petition, petitioner states that he is challenging a Solano County Superior Court judgment of conviction entered on December 19, 2000, for which he received a sentence of fourteen years after he entered a plea of nolo contendere to voluntary manslaughter and other charges. Exhibit A to the petition reveals that the sentence described by petitioner did not arise from a conviction entered in Solano County on December 19, 2000. At issue are the various sentences imposed on petitioner for Solano County convictions originally suffered in 1988, 1989, and 1994.

Respondents' statement of the case is set forth here, with the addition of bracketed references to petitioner's criminal cases by number:

> On December 29, 1988, petitioner pleaded guilty to selling cocaine base in Solano County Superior Court, Case No. VC25361 **[case #1]** (Cal. Health and Saf. Code, § 11352), and was granted three years formal probation. On November 15, 1989, petitioner pleaded guilty to petty theft with two prior thefts in Solano County Superior Court, Case No. VC27443 **[case #2]**. Cal. Pen. Code, § 666. Petitioner was again granted probation. On November 28, 1994, while on probation in the above cases, petitioner pleaded guilty to voluntary manslaughter (Cal. Pen. Code, § 192(a)), and admitted that he knew another principal was armed, pursuant to Penal Code section 12022(d), in Solano County Superior Court, Case No. VC36487 **[case #3]**. The trial court imposed, and then suspended execution of, a 14-year prison term. Probation in cases VC25361 **[case #1]** and VC27443 **[case #2]** was extended five years, to run concurrently with case number VC36487 **[case #3]**.
>
> On May 29, 1998, probation in case number VC36487 **[case #3]** was revoked, reinstated and modified. On November 14, 2000, the trial court found petitioner violated probation in all three cases based on thefts at K-Mart. The trial court ordered the previously suspended 14-year prison term executed in Case Number VC36487 **[case #3]**. It then imposed a consecutive 8-month prison term in case number VC27443 **[case #2]**, and a consecutive 16-month prison term in case number VC25361 **[case #1]**, for a total prison term of 16 years. The trial court further ordered that this sentence was to be served concurrently with a 2 year, 8 month prison term imposed in Contra Costa County on August 21, 2000, for a separate offense **[case #4]**.
>
> Petitioner appealed, alleging that his plea agreement in Case Number VC36487 **[case #3]** provided that, if he violated probation, any sentences imposed in Cases VC25371 **[case #1]** and VC27443 **[case #2]** would run concurrently to the 14-year prison term in Case VC36487 **[case #3]**. Respondent concurred that this reflected the terms of the plea agreement, and conceded that the trial court erred in imposing consecutive terms in cases VC25361 **[case #1]** and VC27443 **[case #2]**. In an unpublished opinion filed on May 23, 2002, the California Court of Appeal for the First Appellate District, Division Four, agreed that the trial court erred with respect to the imposition of the consecutive terms in the Solano County cases, but agreed with respondent that the terms of the plea bargain did not encompass the Contra Costa case **[case #4]**. The Court of Appeal therefore remanded the case to the Solano County Superior Court to resentence petitioner.
>
> On August 27, 2002, the trial court sentenced petitioner to a total prison term of 14 years, in Case No. VC36487 **[case #3]**, and

stayed sentence in the other two Solano County cases **[cases #1 and #2]**. Petitioner's motion to grant credits pursuant to 2900.5 was denied. Petitioner did not file any appeal from this sentence.

On July 12, 2004, petitioner filed a petition for writ of habeas corpus in Solano County Superior Court, alleging that the trial court erred in staying sentence in Cases VC25361 **[case #1]** and VC27443 **[case #2]**, rather than ordering them to run concurrently to the sentence in Case No. VC36487 **[case #3]** , apparently contending that he lost custody credits. Solano County Superior Court denied the petition on August 25, 2004, on the ground that the issue should have been raised on appeal, citing *In re Harris*, 5 Cal.4th 813, 829 (1993) and *In re Dixon*, 41 Cal.2d 756, 759 (1953), and that the petition was untimely under *In re Clark*, 5 Cal.4th 750, 783 (1993).

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, First Appellate District, Division Four on September 3, 2004. *In re Robert Craig, on Habeas Corpus*, Case No. A107581. The Court of Appeal summarily denied the petition on September 9, 2004. Petitioner then filed a second petition for writ of habeas corpus in the California Court of Appeal, First Appellate District, Division Four, on October 4, 2004. *In re Robert Craig, on Habeas Corpus*, Case No. A107871. The Court of Appeal summarily dismissed that petition on October 7, 2004.

We have found no record of petitioner filing a habeas corpus petition in the California Supreme Court. Petitioner did file a petition for writ of mandate/prohibition in the California Court of Appeal on October 7, 2004. *Craig v. Superior Court*, Case No. A107936. The Court of Appeal summarily denied this petition on October 14, 2004. Petitioner filed a petition for review of this denial in the California Supreme Court on October 25, 2004. The Supreme Court denied review on December 1, 2004.

Petitioner filed his federal habeas petition on December 30, 2004.

Resp'ts' Mot. to Dismiss at 2-3 (citations to exhibits omitted).

## ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a 1-year period of limitation applies to any petition for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). For most prisoners, the limitation period begins to run on the date on which the judgment of

conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

In the present case, the Solano County Superior Court sentenced petitioner in 2000 to a 14-year prison term on his 1994 conviction, a consecutive 8-month prison term on his 1989 conviction, and a consecutive 16-month prison term on his 1988 conviction, for a total prison term of 16 years. Petitioner successfully appealed the sentence and was re-sentenced on July 23, 2002, to a total prison term of 14 years on his 1994 conviction only. The court stayed sentence on petitioner's 1988 and 1989 convictions and denied petitioner's motion to grant credits pursuant to § 2900.5. Judgment was entered accordingly on August 27, 2002. (Pet., Ex. A at 1-2.)

In federal court, petitioner seeks relief on the ground that his sentence violates due process because in 1994 he "made a plea agreement with the prosecutor to get fourteen years on all three cases plus credits." (Pet. at page numbered (5).) Petitioner also alleges ineffective assistance of counsel as well as trial court error with regard to the gun enhancement that was included in the original plea agreement. (Pet. at pages numbered (5) & (6).)

Petitioner did not file an appeal after his re-sentencing. Under the California Rules of Court, petitioner had sixty days to file a notice of appeal after judgment was entered on August 27, 2002. See Cal. Rule of Court 30.1 (2005) (effective Jan. 1, 2004, derived from former Rule 31 in effect in 2002). When the sixty-day period for filing a notice of appeal ended, the August 27, 2002 judgment became final by expiration of the time for seeking direct review. The court finds that judgment was final for purposes of 28 U.S.C. § 2244(d)(1) on October 26, 2002.

The federal statute of limitations provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" contained in the statute. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled, however, during the


interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Petitioner filed his first state habeas petition in Solano County Superior Court on July 12, 2004. No application for state post-conviction or other collateral review was pending between October 26, 2002, and July 12, 2004. The one-year period of limitation therefore ran without interruption for 365 days from October 27, 2002, through October 26, 2003, and expired on the latter date. Petitioner is not entitled to statutory tolling for any of the state petitions he filed after October 26, 2003. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner's federal habeas petition was placed in the mail to this court on December 14, 2004, more than a year after the statute of limitations expired. The petition is therefore barred by the statute of limitations, absent equitable tolling.

The doctrine of equitable tolling has been applied in cases where a party was prevented from asserting a claim by wrongful conduct on the part of the opposing party or where extraordinary circumstances beyond the party's control made it impossible to file a claim on time. Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996). The AEDPA statute of limitations is subject to equitable tolling, but "only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, ___ U.S. ___, 125 S. Ct. 1807, 1814 & n.8 (2005). Equitable tolling will be unavailable in most cases. See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

In the present case, petitioner has alleged no facts that demonstrate entitlement to equitable tolling. Petitioner asserts that "a timely appeal was filed appealing the sentence of the Superior Court of Solano," that the California Court of Appeal agreed that the trial court erred in imposing consecutive terms, and that the trial court "still fail [sic] to meet the terms of the original plea agreement." (Pet'r's Opp'n at 2.) Petitioner is advised that the timeliness of the appeal that led to his re-sentencing in 2002 is not relevant to the timeliness of petitioner's federal habeas petition. Petitioner did not appeal the re-sentencing that followed the successful appeal and commenced the state review process with regard to his sentence after the federal statute of limitations had already expired on all claims concerning the sentence imposed in 2002.

Petitioner argues further that this case "has nothing to do with the Contra Costa case" and "nothing to do with the denied probation credits pursuant to 2900," but "everything to do with my frist [sic] appeal of the plea agreement." (Pet'r's Opp'n at 1.) If this action is a challenge to one or more of the several judgments entered prior to the August 27, 2002 judgment, it is plain that the statute of limitations on claims arising from those judgments expired even earlier than October 26, 2003, and are also barred by the statute of limitations. Indeed, petitioner's claims concerning the gun enhancement that was included in his plea bargain should have been presented to the state courts, either on direct appeal or in state habeas petitions, in 1994.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' April 21, 2005 amended motion to dismiss be granted; and

2. This action be dismissed with prejudice because the petition for writ of habeas corpus was filed beyond the one-year statute of limitations.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 16, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
crai2740.mtd